## MADISON v CITY OF DETROIT

Docket No. 157204. Submitted May 10, 1994, at Detroit. Decided
January 17, 1995, at 9:40 A.M.

Valerie Madison brought an action in the Wayne Circuit Court
against the City of Detroit, her employer, alleging intentional
tort as the cause of an injury she sustained at work. The court,
Michael J. Talbot, J., granted summary disposition for the
defendant, ruling the claim barred by governmental immunity.
The plaintiff appealed.

The Court of Appeals held:

The Worker's Disability Compensation Act, which makes an
exception for intentional tort by employers to the rule that
worker's compensation is the exclusive remedy for work-related
injury, and the governmental immunity act, which provides no
exception to governmental immunity for intentional tort, must
be construed in pari materia to permit an intentional tort
exception to governmental immunity in cases of workplace
injury to public employees and allow injured public employees
to maintain intentional tort claims for work-related injuries.

Reversed and remanded for trial.

GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS — WORKPLACE INJU-
RIES.

A governmental agency, as an employer, may not raise govern-
mental immunity as a defense to an intentional tort claim
brought by an employee for a work-related injury (MCL
418.131[1], 691.1407[1]; MSA 17.237[131][1], 3.996[107][1]).

## *William Pultusker,* for the plaintiff.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§ 179; Workers' Compensation § 75.

Comment Note.—Municipal immunity from liability for torts. 60
ALR2d 1198.

What conduct is willful, intentional, or deliberate within workmen's
compensation act provision authorizing tort action for such con-
duct. 96 ALR3d 1064.

*Sharon D. Blackmon,* Assistant Corporation Counsel, for the defendant.

Before: MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO,* JJ.

MARILYN KELLY, P.J. Plaintiff appeals as of right from a grant of summary disposition for defendant[1] and dismissal of her intentional tort claim on the basis of governmental immunity. Plaintiff asserts that the trial court erred in failing to find an intentional tort exception to governmental immunity in worker's compensation cases. We agree and reverse.

I

Plaintiff was employed by defendant's transportation department in 1988. Her assignment was to collect money from bus fare collection boxes. Defendant provided a truck with a crane to lift the large metal boxes, which held thousands of coins. When the truck malfunctioned, defendant replaced it with one not equipped with a crane. Plaintiff asserts that she was then required to lift the metal boxes without mechanical aid and, in so doing, injured her back on the job in February, 1989. Unable to work, she collected worker's compensation benefits.

Plaintiff sued her employer, alleging a right to recovery under the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131; MSA 17.237(131). In response, defendant moved for summary disposition, alleging it was immune from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Reference to defendant will be in the singular since the defendant accounting department operates under the authority of the defendant City of Detroit.

tort liability pursuant to § 17 of the governmental immunity act, MCL 691.1407; MSA 3.996(107). The trial court agreed with defendant's position and dismissed plaintiff's tort claim.

## II

### A

The central issue in this case is the interpretation and reconciliation of § 131(1) of the WDCA and § 7(1) of the governmental immunity act, being MCL 418.131(1); MSA 17.237(131)(1) and MCL 691.1407(1); MSA 3.996(107)(1), respectively. As this is a matter of statutory interpretation, appellate review is de novo. *In re Lafayette Towers,* 200 Mich App 269, 273; 503 NW2d 740 (1993).

Section 131(1) of the WDCA provides:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law. [MCL 418.131(1); MSA 17.237(131)(1).]

Section 7(1) of the governmental immunity act states:

> Except as otherwise provided· in this act, all

governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. [MCL 691.1407(1); MSA 3.996(107)(1).]

Plaintiff contends that there is a statutory conflict between MCL 418.131(1); MSA 17.237(131)(1) and MCL 691.1407(1); MSA 3.996(107)(1). Plaintiff argues that the statutes should be construed in *pari materia* to permit an intentional tort exception to governmental immunity in worker's compensation cases. She bases her argument on the fact that § 131 was enacted after § 7(1) of the governmental immunity act. In response, defendant asserts that governmental immunity bars plaintiff's claim. In particular, defendant argues that § 131(1) of the WDCA did not create an intentional tort exception to governmental immunity in worker's compensation cases. Defendant argues that, merely because § 131(1) of the WDCA was amended more recently, does not alter the Legislature's intent to provide government agencies with a broad grant of immunity.

B

Generally, government agencies are immune from tort liability for injuries arising out of the exercise or discharge of a governmental function. MCL 691.1407(1); MSA 3.996(107)(1), *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 591; 363 NW2d 641 (1984). More specifically, our Supreme Court has concluded that there is no intentional tort exception to governmental immunity where the tort was committed within the scope of a governmental function. *Smith v Dep't of Public Health,* 428 Mich 540, 544; 410 NW2d 749 (1987), aff'd sub nom *Will v Michigan Dep't of*

*State Police,* 491 US 58; 109 S Ct 2304; 105 L Ed 2d 45 (1989).

A governmental function has been defined as "any activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law." *Ross, supra,* p 591. Here, defendant was authorized to own, construct and operate a transportation department. MCL 117.4f; MSA 5.2079. Ignoring momentarily the potential impact of the WDCA, were plaintiff an ordinary citizen claiming an intentional tort against a governmental entity engaged in a governmental function, her claim would fail.

However, when the government is the plaintiff's employer, the governmental immunity statute must be read in *pari materia* with the WDCA. MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.,* MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* First, we are unable to call to mind even one governmental function which does not require that employees carry out necessary everyday tasks in the course of employment. The WDCA, not the governmental immunity act, defines the duties of the government, acting as an employer, to an injured employee.

Second, the governmental immunity act takes great pains to protect government employees who might be subject to tort liability from an outside source when their actions are not grossly negligent. The protection is broad and extends to employees at all levels, not simply to those in the highest positions of authority. It was made broad to enable common government employees to enjoy a certain degree of security as they go about performing their jobs. See *Pavlov v Community EMS,* 195 Mich App 711, 722; 491 NW2d 874 (1992). Extending fair and legitimately enacted remedies to them under the WDCA when injured on

government jobs is consistent with protection afforded them against third parties by the governmental immunity act.

Finally, the WDCA contains no language freeing the government from its requirements, regulations and restraints in other areas, but generally treats it as any other employer.

C

We do not believe that the Legislature intended to shield any employer, particularly the government, when its agent intentionally orders an employee to commit acts certain to cause injury. We cannot believe the Legislature intended that the government escape the liability which accompanies an intentional tort under the WDCA. In its extreme, such an interpretation would protect a government agency whose supervisor orders an employee to step into water the supervisor knows is electrified, disregarding the certainty of injury. It is inconsistent with the jurisprudence of our state which imputes the state of mind of a supervisor to a corporate employer. *Travis v Dreis & Krump Mfg Co,* 207 Mich App 1, 3; 523 NW2d 818 (1994). It flies in the face of nearly all modern regulation of workplace safety.

The Legislature could not have intended that the government, unlike other employers, be permitted to hide behind a claim of immunity under facts such as those alleged here. As Justice ARCHER once observed, "In describing the scope of this exception, it is important to focus on the responsibility of government for its actions or omissions, not its immunity from liability." *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 215; 422 NW2d 205 (1988) (ARCHER, J., concurring in part and dissenting in part).

Given our resolution of the governmental immunity issue, we do not reach plaintiff's equal protection claim.

We reverse the decision of the trial judge and remand for trial on plaintiff's intentional tort claim under the WDCA.

SHEPHERD, J., did not participate.