**John BURNS, Plaintiff,**

v.

**Chief Joseph MALAK, Deputy Rick Arnold, and Scott Damon, Defendants.**

**No. 94–CV–70748–DT.**

United States District Court, E.D. Michigan, Southern Division.

Aug. 23, 1995.

---

**986**

Joseph P. Kierpiec, Detroit, MI, for plaintiff.

Frederick Lucas, Jeffrey J. Juby, Adrian, MI, Ian James Reach, Ann Arbor, MI, for defendants.

## OPINION

DUGGAN, District Judge.

Before this Court are defendant Rick Arnold's and defendants Joseph Malak and Scott Damon's motions for reconsideration regarding plaintiff's assault and battery claim.

### I. Background

On January 12, 1995, this Court heard oral argument on defendants' motions for summary judgment.[1] The Court granted summary judgment to defendants Cambridge Township, Lenawee County, and Sheriff Richard Germond. The Court granted defendants Arnold, Malak and Damon summary judgment in part, and denied summary judgment to them with respect to the federal claim of excessive force and the state claim of assault and battery.

While on duty, defendants Malak, Arnold and Damon were called to plaintiff's home to assist the Department of Social Services (DSS) in removing plaintiff's children from the home. Plaintiff claims that during this event, defendants, who are law enforcement officers, assaulted and battered him. Defendants filed motions for reconsideration of this

---

1. On April 22, 1994, defendant City of Onsted was dismissed from this case. On August 10, 1994, the Court issued an Order granting defendants Charlotte Johnson and Lenawee County Department of Social and Protective Services' motion for summary judgment.

Court's decision denying the motion for summary judgment on the assault and battery claim, contending that they are entitled to governmental immunity for the alleged intentional tort of assault and battery, pursuant to M.C.L.A. § 691.1407.

## II. Discussion

Michigan governmental immunity from tort liability is enunciated at M.C.L.A. § 691.1407. The language relating to immunity from liability for the acts of "individuals" is contained in § 691.1407(2). This section provides that an individual, *e.g.* an officer or employee of a governmental agency:

shall be immune from tort liability for injuries to persons ... if all of the following are met:

(a) [t]he [individual] is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) [t]he governmental agency is engaged in the exercise or discharge of a governmental function.

(c) [t]he [individual's] conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

M.C.L.A. § 691.1407(2).

Subsection (3), however, states:

(3) Subsection (2) shall not be construed as altering the law of intentional torts as it existed prior to the effective date of subsection (2).

M.C.L.A. § 691.1407(3).

Defendants contend that, pursuant to this statute, the defense of governmental immunity is available unless the individual's acts constitute "gross negligence," and that intentional torts committed by individuals while performing a governmental function are not excepted from the governmental immunity afforded under this statute.

Defendants cite *Smith v. Department of Pub. Health,* 428 Mich. 540, 410 N.W.2d 749 (1987), *aff'd, Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and its progeny as confirmation of the Michigan courts' adoption of defendants' premise. This Court does not believe that the holding of *Smith* applies to the "intentional" actions attributed to defendants in this case. *Smith* was not focusing on immunity for the intentional acts of individuals; rather, it was dealing with the issue of immunity for governmental agencies. As stated by the Court in *Smith:*

[w]e agree and restate, it is hoped in clearer fashion than heretofore, that the Legislature did not intend to exclude intentional torts [from immunity] when committed by *governmental agencies* in the course of a governmental function.

*Smith,* 428 Mich. at 603, 410 N.W.2d 749 (emphasis added).

Similarly, defendants' reliance on *Pawlak v. Redox Corp.,* 182 Mich.App. 758, 453 N.W.2d 304 (1990), is misplaced. Plaintiff's suit in *Pawlak* was not against an individual governmental employee; rather, it was against the City of Detroit. The *Pawlak* court simply applied the *Smith* holding that there is no intentional tort exception for governmental immunity available to a governmental body. *Id.* at 764, 453 N.W.2d 304.

Defendants also rely on *Flones v. Dalman,* 199 Mich.App. 396, 502 N.W.2d 725 (1993), in support of their proposition that the defense of governmental immunity is available for intentional torts. *Flones* does not support defendants' position. The court in *Flones* held that defendant Dalman was not entitled to governmental immunity unless he was acting "in good faith." *Id.* at 401, 502 N.W.2d 725. The court explained that "[a] plaintiff can establish bad faith by showing malicious or *intentionally unlawful conduct." Id.* (emphasis added). The court then concluded that "plaintiffs presented sufficient evidence of bad faith to avoid the bar of immunity." *Id.* at 402, 502 N.W.2d 725.[2] However, it is clear that the court did not recognize immu-

---

**2.** The Court notes that the *Flones* court applied the test from *Ross v. Consumers Power Co.,* 420 Mich. 567, 363 N.W.2d 641 (1984), because the claim in *Flones* arose before July 1, 1986, the effective date of the amended immunity statute, M.C.L.A. § 691.1407.

nity for an intentional wrongful act on the part of the individual governmental employee.

Defendants' reliance on *Giddings v. City of Detroit,* 178 Mich.App. 749, 444 N.W.2d 242 (1989), is also misplaced. The court in *Giddings* applied the *Ross* test, and since there was no dispute that the individual employees acted in good faith, the court made its ruling as to whether governmental immunity applied to the individuals based on whether their activities were discretionary or ministerial. Presumably had the court concluded that the individuals' actions were in bad faith, *i.e.* that such conduct was malicious or intentional, the court would have followed the same analysis as the *Flones* court and ruled that such conduct was not entitled to the defense of governmental immunity. *See Flones,* 199 Mich.App. at 401, 502 N.W.2d 725. The court in *Gillam v. Lloyd,* 172 Mich.App. 563, 577, 432 N.W.2d 356 (1988), *appeal denied,* 433 Mich. 869 (1989), explained that:

> [a]lthough the *Ross* Court ruled that actions had to be taken in good faith to be immune, the Supreme Court provided little guidance on the meaning of good faith. The Court did state that governmental immunity should not shield malicious or intentionally unlawful behavior.

*Id.* (citing *Ross,* 420 Mich. at 633, 363 N.W.2d 641).

To the extent plaintiff relies on cases which were decided under a *Ross* analysis, such cases do not support defendants' position that intentional torts by individuals are protected by governmental immunity.

██ In this Court's opinion, it was not the Legislature's intent that an individual, who injures another through "gross negligence," shall be deprived of the defense of immunity while another individual, who intentionally and wrongfully causes harm to another during the course of his/her governmental work, shall have such defense available to him or her; thereby precluding liability for the "wrongful" conduct.

██ It is expected that individuals, acting in the course of their governmental employment, *e.g.* police officers, may perform intentional acts which are intended to cause harm and for which there is no liability. For example, a police officer who is faced with immediate threat of death may deliberately injure another to protect himself. In a given situation, a police officer may use substantial, but necessary, force to subdue a suspect, resulting in injury to the suspect. In such situations, there would be no liability on the part of the police officer, not because of the defense of immunity, but because there was no wrongful conduct, *i.e.* no "tort." Conversely, if a governmental employee, acting in the course of his/her employment, *negligently* injures another, there would be liability against such individual, but for the immunity provided by § 691.1407. In this Court's opinion, in enacting § 691.1407 the Legislature was intending to give individuals carrying out their duties as governmental employees some leeway in their conduct. *See Madison v. City of Detroit,* 208 Mich.App. 356, 360, 527 N.W.2d 71 (1995). However, such leeway or protection is taken from those individuals when their conduct amounts to "gross negligence," *i.e.* conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. This Court concludes that it would be an absurd result to hold that a governmental employee, *e.g.* a police officer, who causes injury to another as a result of his or her "grossly negligent" conduct shall be deprived of the defense of governmental immunity and held liable, while a fellow officer who deliberately and intentionally causes injury during the same arrest would be "immune" from liability, because § 691.1407(2) does not expressly refer to "intentional" conduct in its immunity provisions.[3]

Further support for the conclusion that a governmental employee, who commits an assault and battery is not immune from liability for such conduct can be found in § 691.1407(3) which provides, as noted above, that "[s]ubsection (2) shall not be construed as altering the law of intentional torts as it

---

**3.** The Court recognizes that it could be argued that one who commits an intentional tort such as assault and battery is not acting "within the scope of his or her authority" which, of course, is one of the requirements under § 691.1407(2)(a) that must be met in order for the employee to have the defense of immunity available to him or her.

existed prior to the effective of subsection (2)." In *Roxbury v. Paul*, 838 F.Supp. 1204, 1209 (W.D.Mich.1992) *aff'd*, 7 F.3d 234 (6th Cir.1993), the court explained that:

[t]he law of intentional torts which existed prior to the effective date of Michigan Compiled Laws Annotated Section 691.1407(2) held that, generally, immunity was not available as a defense to an intentional tort claim. Immunity existed only when actions constituting intentional torts were justified under the circumstances. Police officers had no common law immunity for assaulting, battering, and using excessive force.

*Id.* (citations omitted).

It is therefore, this Court's opinion that if a governmental employee, *e.g.* a police officer, "commits" an "assault and battery," then such conduct would not be protected by the immunity provisions of M.C.L.A. § 691.1407.

### III. Conclusion

Defendants' request that this Court reconsider its previous ruling is denied and this Court reaffirms its prior decision that the defense of governmental immunity is not available to an individual governmental employee whose alleged conduct constitutes an assault and battery. An Order consistent with this Opinion shall issue forthwith.