GRACEY v WAYNE COUNTY CLERK

Docket No. 162799. Submitted January 12, 1995, at Detroit. Decided September 15, 1995, at 9:10 A.M.

Paul C. and Irene E. Gracey brought an action in the Wayne Circuit Court against the Wayne County Clerk, the Wayne County Board of Canvassers, the Elections Director for Wayne County, the Wayne County Prosecutor, Wayne County, and others, seeking damages for invasion of privacy, malicious prosecution, and intentional infliction of emotional distress. On the day before a primary election in which Paul Gracey was a candidate for municipal judge in the City of Grosse Pointe Farms, defendant clerk called a press conference at which it was announced that Irene Gracey had delivered to the city clerk's office a number of absentee ballots even though she was not a member of the immediate family of those voters. The plaintiffs alleged that defendants clerk, elections director, and board of canvassers knowingly gave false information concerning Irene Gracey's involvement in the election process at the press conference and to the police. The plaintiffs further alleged that the prosecutor improperly continued to prosecute Irene Gracey after the Court of Appeals had determined that she had not tampered with any of the absentee ballots. The plaintiffs finally alleged that the county was vicariously liable for the acts of the county officials and board. The court, Marianne O. Battani, J., granted summary disposition for all the county defendants on the basis of governmental immunity. The plaintiffs appealed.

The Court of Appeals *held*:

1. The highest executive officials of all levels of government are absolutely immune from all tort liability whenever they act within their executive authority. The Supreme Court has held the highest executive officials act within their executive authority only when engaged in an activity that expressly, or by

REFERENCES

Am Jur 2d, Municipal, County, and State Tort Liability § 129; Public Officers and Employees §§ 359, 362, 375.

See ALR Index under Governmental Immunity or Privilege; Public Officers and Employees.

necessary implication, is authorized by the constitution, a statute, or other law. The intentional use or misuse of governmental authority for a purpose not authorized by law is not the exercise of a governmental function.

2. The plaintiffs alleged that the county clerk called the press conference and disseminated false information about the handling of the absentee ballots for the purpose of swaying the election in favor of another candidate and that such action was outside the scope of authority of the clerk's office. The allegation of these facts precludes the granting of summary disposition for defendant clerk on the basis of governmental immunity.

3. The plaintiffs' bare allegation that the elections director requested a police investigation was not sufficient to establish the gross-negligence exception to the defense of governmental immunity in the face of the director's affidavit in which he averred that he did not request a police investigation. Further, the requesting of a police investigation would have been consistent with the responsibility of the elections director to oversee elections and, therefore, could not be deemed to constitute gross negligence under these circumstances. Accordingly, the trial court properly granted summary disposition for the elections director on the basis of governmental immunity.

4. Because the acts undertaken by the board of canvassers were within the scope of the acts authorized by law, the board remained cloaked with governmental immunity even if its acts were improper. The gross-negligence exception to governmental immunity set forth in MCL 691.1407(2); MSA 3.996(107)(2) clearly applies only to individuals rather than to governmental agencies. Accordingly, the trial court properly granted summary disposition for the board of canvassers on the basis of governmental immunity.

5. A governmental agency can be held vicariously liable for the acts of its officials only where an official was acting during the course of employment and within the scope of authority while undertaking the act on which liability is predicated. Because the only possible source of vicarious liability is through the acts of the county clerk, and the only way in which the county clerk could be found liable is if he were found to have been engaged in an act that was not within the scope of his authority, the plaintiffs have not pleaded a basis on which vicarious liability on the part of the county could be found, and the trial court properly granted summary disposition for the county.

Affirmed in part, vacated in part, and remanded.

Marilyn Kelly, J., concurring, stated disagreement with the majority's reluctance in applying the intentional-tort exception to governmental immunity.

1. Governmental Immunity — Public Officials — Executive Authority.

The highest executive officials of all levels of government are absolutely immune from all tort liability whenever they act within their executive authority; the highest executive officials act within their executive authority only when engaged in an activity that expressly, or by necessary implication, is authorized by the constitution, a statute, or other law; the intentional use or misuse of governmental authority for a purpose not authorized by law is not the exercise of a governmental function.

2. Governmental Immunity — Gross Negligence — Government Agencies.

The gross-negligence exception to governmental immunity applies only to individuals, not to governmental agencies (MCL 691.1407[2]; MSA 3.996[107][2]).

*Lawrence A. Friedman,* for the plaintiff.

*Jennifer M. Granholm,* Corporation Counsel, and *James W. Quigly,* Assistant Corporation Counsel, for the defendants.

Before: Connor, P.J., and Wahls and Marilyn Kelly, JJ.

Per Curiam. Plaintiffs appeal as of right the trial court's grant of summary disposition for defendants on the basis of governmental immunity in this action for invasion of privacy, malicious prosecution, and intentional infliction of emotional distress. We affirm in part and reverse in part.

Plaintiff Paul Gracey was a candidate in the August 1989 election for the office of municipal judge in the City of Grosse Pointe Farms. His wife, plaintiff Irene Gracey, hand-delivered a number of absentee ballots to the city clerk's office although she was not a member of the immediate family of

these voters. There were no allegations that plaintiffs engaged in fraud with respect to these absentee ballots.

The day before the primary election, the Michigan State Police were contacted about plaintiffs' conduct. James Killeen, the Wayne County Clerk, called a press conference at which he alleged improprieties on the part of plaintiffs. Plaintiffs alleged that Killeen, the Wayne County Board of Canvassers, and Edward Carey, the Elections Director for Wayne County, knowingly gave false information at the press conference concerning plaintiff Irene Gracey's involvement in the election process. Plaintiffs also alleged that these defendants knowingly gave false information to the police. Plaintiffs alleged that defendant John D. O'Hair, the Wayne County Prosecutor, continued to prosecute plaintiff Irene Gracey after this Court had found that she had not tampered with any absentee ballots. Finally, plaintiffs alleged that Wayne County was vicariously liable.

Plaintiffs argue that actions of a county clerk that might normally be considered within the scope of authority of the clerk become acts outside that scope when performed for an ulterior purpose. We agree. A motion for summary disposition pursuant to MCR 2.116(C)(7) should not be granted unless no factual development could provide a basis for recovery. *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 799 (1992). In order to determine whether plaintiffs' alleged facts justify a finding that recovery in tort is not barred by governmental immunity, a court must consider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. *Id.*

Plaintiffs claimed that Killeen was a neighbor and financial contributor to one of plaintiffs' oppo-

nents, Eugene Casazza. Casazza allegedly informed Killeen that plaintiff Irene Gracey had violated election laws with regard to absentee ballots. Plaintiffs claimed that Killeen did nothing until the eve of the primary election and then called a press conference to announce that there was an illegal handling of ballots by Irene Gracey, thus tainting the election. It is plaintiffs' claim that the allegations made by Killeen were false and that the press conference was called for the sole purpose of swaying the electorate by dissuading voters from supporting Paul Gracey. Gracey was defeated in the election.

The trial court recognized that Killeen "may very well have had ulterior motives and probably did, but the fact that he had ulterior motives does not take away his function as county clerk and him performing his task as county clerk."

We believe that the Supreme Court in *Marrocco v Randlett*, 431 Mich 700, 713; 433 NW2d 68 (1988), reintroduced concepts that define governmental function by reference to an actor's intent. Consequently, if defendant intentionally conducted a press conference to cause some mischief not authorized by law, then his otherwise appropriate action is not the exercise of a governmental function and is outside the scope of his immunity. In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 592; 363 NW2d 641 (1984), the Supreme Court stated:

> Judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their respective judicial, legislative, and executive authority.

The county clerk qualifies as one of the highest

executive officials in county government. Thus, county clerks are absolutely immune if they are acting within their executive authority. However, no case attempted to define "within their executive authority" until *Marrocco, supra,* p 707. *Marrocco* analogizes the determination of "executive authority" to the determination of a "governmental function" utilized when reviewing the acts of lower level officials. *Id.,* p 708. The *Marrocco* majority suggested that the highest executive officials are acting within their executive authority only if they are engaging in an activity that expressly, or by necessary implication, is authorized by constitution, statute, or other law. *Id.,* p 708, ns 6, 7, and 8.

The *Marrocco* Court specifically emphasized, quoting *Smith v Dep't of Public Health,* 428 Mich 540, 544, 611; 410 NW2d 749 (1987), that the intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function. *Id.,* pp 707-708.

As pointed out in the concurring opinion of Justice BOYLE, the majority in *Marrocco* appears to have adopted the position that the tortious nature of the defendants' act may, in and of itself, carry the act outside the official's executive authority and thereby outside the scope of his immunity. Thus, here, even if the county clerk expressly or impliedly possessed authority to conduct a press conference, *Marrocco* suggests that if the county clerk's purpose in holding the press conference was not authorized by law, then the county clerk was not acting within the scope of his executive authority, and he is not entitled to absolute immunity.

We believe that it is a mistake to tamper with the clear, broad concept of absolute immunity as

expressed in *Ross.* However, we are bound by
Supreme Court precedent and reluctantly conclude
that *Marrocco* has reintroduced concepts that de-
fine executive authority by reference to the actor's
intent. Until the Supreme Court gives further
direction or clarification, we presume that there is
an intentional-tort exception to governmental im-
munity for the intentional use or misuse of a
badge of governmental authority for a purpose
unauthorized by law. Therefore, assuming that
Killeen had the authority to call a press confer-
ence to address any improprieties that might have
occurred during an election, he nevertheless had
no authority to conduct a press conference for the
purpose of disseminating false information with
the intent to sway an election. If that was Kil-
leen's purpose, as claimed by plaintiffs, then he
was not acting within the scope of his executive
authority, and he is not entitled to absolute immu-
nity for those acts.

Plaintiffs also argue that summary disposition
was inappropriate with respect to defendant Carey
because they alleged facts to show Carey's gross
negligence. We disagree that plaintiffs have set
forth specific facts to show a genuine issue for
trial. In order for plaintiffs to survive Carey's
motion for summary disposition, they must allege
facts justifying application of an exception to gov-
ernmental immunity. *Wade v Dep't of Corrections,*
439 Mich 158, 163; 483 NW2d 26 (1992). The
governmental immunity act takes great pains to
protect government employees to enable them to
enjoy a certain degree of security as they go about
performing their jobs. *Madison v Detroit,* 208 Mich
App 356, 360; 527 NW2d 71 (1995). In this case,
plaintiffs must allege that Carey's actions
amounted to gross negligence, i.e. that his conduct
was so reckless as to demonstrate a substantial

lack of concern for whether an injury would result. *Jennings v Southwood,* 446 Mich 125, 136; 521 NW2d 230 (1994).

Although plaintiffs' complaint alleged that Carey requested an investigation into the actions of plaintiff Irene Gracey when Carey knew or had reason to know that the allegations were factually and legally false, Carey averred in an affidavit that he did not request a state police investigation. Plaintiffs have not provided any proof that Carey in fact called for such an investigation. A party opposing summary disposition pursuant to MCR 2.116(C)(10) may not rest on mere allegations of a pleading, but must, by affidavits or other appropriate means, set forth specific facts to show that there is a genuine issue for trial. *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994).

Moreover, even if Carey had initiated such an investigation, it was part of his job to oversee election operations in Wayne County. Indeed, the investigation discovered irregularities in the absentee ballot process. No reasonable juror could have honestly concluded that an investigation under these circumstances constituted gross negligence. Accordingly, summary disposition was appropriate. *Enzymes of America, Inc v Deloitte, Haskins & Sells,* 207 Mich App 28, 34; 523 NW2d 810 (1994).

Plaintiffs argue that this Court's granting of mandamus to plaintiffs constituted a finding that the Wayne County Board of Canvassers acted outside the scope of its authority. We disagree. Generally, government agencies are immune from tort liability for injuries arising out of the exercise or discharge of a governmental function. MCL 691.1407(1); MSA 3.996(107)(1); *Madison, supra,* p 359. A governmental function has been defined as "any activity which is expressly or impliedly man-

dated or authorized by constitution, statute, or other law." *Ross, supra,* p 591. Here, the Legislature has authorized a board of canvassers in each county to conduct recounts of election results. MCL 168.24a; MSA 6.1024(1). Improper performance of an activity authorized by law is, despite its impropriety, still "authorized" within the meaning of the governmental function test. *Richardson v Jackson Co,* 432 Mich 377, 385; 443 NW2d 105 (1989). Therefore, defendant here was still cloaked with governmental immunity. *Id.,* p 387.

Plaintiffs also assert that the Wayne County Board of Canvassers can be found grossly negligent. We disagree. The gross-negligence exception to governmental immunity states that it applies to officers, employees, members, or volunteers of governmental agencies. MCL 691.1407(2); MSA 3.996(107)(2). The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature. *Jennings, supra,* p 135. The exception does not state that it applies to the governmental agencies themselves. Express mention in a statute of one thing implies the exclusion of other similar things. *Id.,* p 142. Elsewhere, this Court held that an exception to governmental immunity applied to governmental agencies where the statute, the since-repealed version of the Emergency Medical Services Act, applied to "persons." *Malcolm v East Detroit,* 437 Mich 132, 140; 468 NW2d 479 (1991). Here, had the Legislature intended to include governmental agencies in the gross negligence exception to governmental immunity, it easily could have used the appropriate, general language.

Finally, plaintiffs argue that Wayne County is vicariously liable. However, vicarious liability is derivative. Because the claim against defendant

Killeen is the only one to survive summary disposition, Wayne County cannot be vicariously liable for the alleged torts committed by the other defendants.

In addition, a governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity that is nongovernmental or proprietary or that falls within a statutory exception. *Ross, supra,* p 625. Here, the only way Killeen can be held liable is if he was not acting within the scope of his authority. *Id.,* p 592. But, if that is so, Wayne County would not be vicariously liable. *Id.,* p 625.

The trial court's grant of summary disposition is vacated with regard to defendant Killeen, and affirmed with regard to the other defendants. Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

MARILYN KELLY, J. *(concurring).* I agree with the holding of the majority but write separately to express my disagreement with its reluctance in applying the intentional tort exception to governmental immunity found in *Marrocco v Randlett,* 431 Mich 700; 433 NW2d 68 (1988). I appreciate that the clear, broad concept of absolute immunity is easier for the courts to apply. But, in balance, a remedy must be available to address an intentional use or misuse of governmental authority for a purpose not authorized by law. For that reason, I believe the *Marrocco* decision was not a mistake, and I apply its holding without reluctance.