547 N.W.2d 653 (1996)
Valerie J. MADISON, Plaintiff-Appellee,
v.
CITY OF DETROIT, Defendant-Appellant.
No. 102803, COA No. 157204.
Supreme Court of Michigan.
January 19, 1996.

ORDER
On order of the Court, the application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1) in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the trial court judgment. Assuming, arguendo, that there is an exception to governmental immunity for a workplace injury as a result of a governmental employer's intentional tort, the facts of this case do not constitute such an intentional tort as a matter of law.
[Prior report: 208 Mich.App. 356, 527 N.W.2d 71.]
RILEY and WEAVER, JJ., join in the order but do not believe there is an intentional tort exception to governmental immunity.
LEVIN, J., states as follows:
I would deny leave to appeal and dissent from the peremptory reversal of the Court of Appeals.

I
The majority states conclusorily:
the facts of this case do not constitute such an intentional tort as a matter of law. but does not state the perceived factual insufficiency or what rule of law is being announced.

II
The decision of the Court of Appeals to remand for trial on the claim of intentional tort was not so devoid of reason as to justify peremptory reversal. The majority's decision to peremptorily reverse the decision of the Court of Appeals belittles its efforts in the disposition of this case, as reflected in its carefully written published opinion, and deprives Valerie J. Madison and her counsel of an opportunity to fully brief and orally argue in support of the decision of the Court of Appeals.
Today's peremptory order reflects an increasingly common method of deciding cases, a method that does not provide safeguards against hasty and ill-considered decisions, a method that is unsafe.
When this Court grants leave to appeal, there is an opportunity to educate the justices concerning the state of the record and the law through oral argument, as well as visually through briefs. A justice who may have missed a significant point of law or fact on perusal of the materials considered before voting for peremptory reversal might be enlightened and persuaded in the course of oral argument.
Also lost, when this Court acts without plenary consideration, is the opportunity for conference discussion after oral argument.
Under the Court's rules of internal procedure, also lost in this case was an opportunity for conference discussion after circulation of the peremptory order and this dissenting statement.
Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[1] In the instant case, factual and legal assessment is required. The majority states conclusorily without reasoned explanation:
Assuming, arguendo, that there is an exception to governmental immunity for a *654 workplace injury as the result of a governmental employer's intentional tort, the facts of this case do not constitute such an intentional tort as a matter of law.

III
This Court, once again violating the strictures of Const. 1963, art. 6, § 6,[2] fails to provide "a concise statement of the facts and reasons" for its decision. The factual background and the reasoning of the Court of Appeals is set forth in the opinion of the Court of Appeals.[3]
Peremptory disposition is not appropriate.
NOTES
[1] People v. Wright, 439 Mich. 914, 914-915, 479 N.W.2d 631 (1992) (Levin, J., dissenting); Roek v. Chippewa Valley Bd. of Ed., 430 Mich. 314, 322, 422 N.W.2d 680 (1988) (Levin, J., separate opinion); Grames v. Amerisure Ins. Co., 434 Mich. 867, 868-875, 451 N.W.2d 304 (1990) (Levin, J., dissenting); People v. Little, 434 Mich. 752, 769-770, 456 N.W.2d 237 (1990) (Levin, J., dissenting); People v. Wrenn, 434 Mich. 885, 885-886, 452 N.W.2d 469 (1990) (Levin, J., dissenting); Harkins v. Northwest Activity Center, Inc., 434 Mich. 896, 899, 453 N.W.2d 677 (1990) (Levin, J., dissenting); Dep't. of Social Services v. American Commercial Liability Ins. Co., 435 Mich. 508, 515, 460 N.W.2d 194 (1990) (Levin, J., separate opinion); Yahr v. Garcia, 436 Mich. 872, 872-873, 461 N.W.2d 363 (1990) (Levin, J., dissenting); Universal Underwriters Ins. Co. v. Vallejo, 436 Mich. 873, 873-874, 461 N.W.2d 364 (1990) (Levin, J., dissenting); People v. Stephens, 437 Mich. 903, 903-910, 465 N.W.2d 561 (1991) (Levin, J., dissenting); People v. Berkey, 437 Mich. 40, 54, 467 N.W.2d 6 (1991) (Levin, J., dissenting); Turner v. Washtenaw County Rd. Comm., 437 Mich. 35, 38-39, 467 N.W.2d 4 (1991) (Levin, J., separate opinion); Lepior v. Venice Twp., 437 Mich. 955, 956-966, 467 N.W.2d 811 (1991) (Levin, J., dissenting); Rochester Hills v. Southeastern Oakland County Resource Recovery Authority, 440 Mich. 852, 852-856, 486 N.W.2d 678 (1992) (Levin, J., dissenting); In re Reinstatement of Eston (Grievance Administrator v. Eston), 440 Mich. 1205, 1205-1207, 487 N.W.2d 755 (1992) (Levin, J., dissenting); In re Reinstatement of Callanan, 440 Mich. 1207, 1207-1209, 487 N.W.2d 750 (1992) (Levin, J., dissenting); McFadden v. Monroe Civil Service Comm., 440 Mich. 890, 890-891, 487 N.W.2d 763 (1992) (Levin, J., dissenting); Holly Twp. v. Dep't. of Natural Resources (Holly Twp. v. Holly Disposal, Inc), 440 Mich. 891, 891-893, 487 N.W.2d 753 (1992) (Levin, J., dissenting); Marzonie v. A.C.I.A., 441 Mich. 522, 535-539, 495 N.W.2d 788 (1992) (Levin, J., dissenting); People v. Waleed, 441 Mich. 902, 902-903, 496 N.W.2d 284 (1992) (Levin, J., dissenting); People v. Hardison, 441 Mich. 913, 914-916, 494 N.W.2d 740 (1993) (Levin, J., dissenting); People v. Justice, 441 Mich. 916, 917-919, 495 N.W.2d 376 (1993) (Levin, J., dissenting); People v. LaClear, 442 Mich. 867, 867-871, 497 N.W.2d 490 (1993) (Levin, J., dissenting); Auto-Owners Ins. Co. v. City of Clare, 446 Mich. 1, 16-18, 521 N.W.2d 480 (1994) (Levin, J., dissenting); Weisgerber v. Ann Arbor Center for the Family, 447 Mich. 963, 964-969, 521 N.W.2d 601 (1994) (Levin, J., dissenting); Howard v. White, 447 Mich. 395, 405-410, 523 N.W.2d 220 (1994) (Levin, J., dissenting).

See Schweiker v. Hansen, 450 U.S. 785, 791, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); Leis v. Flynt, 439 U.S. 438, 457-458, 99 S.Ct. 698, 709, 58 L.Ed.2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal `should be reserved for palpably clear cases of ... error.' Eaton v. Tulsa, 415 U.S. 697, 707 [94 S.Ct. 1228, 1234, 39 L.Ed.2d 693 (1974)] [Rehnquist, J., dissenting]").
[2] Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent. [Const. 1963, art. 6, § 6.]
[3] 208 Mich.App. 356, 527 N.W.2d 71 (1995).