*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRENDA BURTON,

        Plaintiff-Appellant,

v

CITY OF DETROIT and CITY OF DETROIT
WATER AND SEWAGE DEPARTMENT,
JOHN DOE 1, Employee of City of Detroit Water
and Sewage Department, CITY OF DETROIT
POLICE DEPARTMENT, POLICE OFFICER
JOHN DOE 2, and POLICE OFFICER JOHN
DOE 3,

        Defendants-Appellees.

UNPUBLISHED
April 25, 2019

No. 340592
Wayne Circuit Court
LC No. 17-007880-NO

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Plaintiff, Brenda Burton, appeals as of right the order of the trial court granting summary disposition to defendants under MCR 2.116(C)(7) and (8). We affirm.

## I. FACTS

This case involves plaintiff's claim that defendants acted with gross negligence and intentionally inflicted emotional distress upon her. On July 6, 2015, plaintiff's son, Osean Lockett, did not return home as expected. Plaintiff reported him missing to the Detroit Police Department, but the police failed to locate him. In early September 2015, plaintiff learned that someone had posted a message on Facebook stating, "went to wk this morning found a dead body in the sewer." Plaintiff, together with her other sons, went to the area where the Facebook posts indicated the body had been found. Noticing that a manhole cover was partially lifted, they slid the cover back, revealing Lockett's body. It was later determined that Lockett had multiple gunshot wounds and his death apparently had been a homicide.

Plaintiff initiated this action against the City of Detroit, the City of Detroit Water and Sewage Department (DWSD), the unidentified employee of the DWSD who allegedly posted the

-1-

message on Facebook (John Doe 1), the Detroit Police Department, and two unidentified police officers (Police Officer John Doe 2 and Police Officer John Doe 3). In Count I of her complaint, plaintiff alleged gross negligence, asserting that the Detroit Police Department and the two unidentified police officers were reckless in failing to investigate and locate Lockett's body after the location of the body was posted on Facebook by a DWSD employee. Plaintiff also alleged that the DWSD and John Doe 1 were reckless and grossly negligent when John Doe 1 posted the message on Facebook before the police had investigated and secured the body. Plaintiff alleged that she endured pain and suffering, mental anguish, anxiety, and emotional distress as a result of defendants' gross negligence. In Count II of her complaint, plaintiff alleged that defendants' conduct constituted the intentional infliction of emotional distress, that John Doe 1 was reckless in posting the information on Facebook, and that the adverse consequences to plaintiff were foreseeable.

Defendants City of Detroit and the Detroit Police Department moved for summary disposition under MCR 2.116(C)(7), contending that plaintiff's complaint failed to state a claim in avoidance of governmental immunity. Defendants DWSD and John Doe 1 thereafter moved for summary disposition under MCR 2.116(C)(7) and (C)(8), also contending that plaintiff's claims against the DWSD were barred by governmental immunity, and that plaintiff had failed to establish that John Doe 1 was grossly negligent in making the alleged Facebook post or that the Facebook post was the proximate cause of any damages to plaintiff. The trial court granted defendants' motions under MCR 2.116(C)(7) and (8), dismissing the complaint as to all defendants. Plaintiff now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). A motion for summary disposition under MCR 2.116(C)(7) asserts that the claim is barred by "release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." MCR 2.116(C)(7). In reviewing a grant of summary disposition under MCR 2.116(C)(7), we accept the contents of the complaint as true unless contradicted by the documentation submitted by the moving party, and consider any affidavits, depositions, admissions, or other documentary evidence submitted. *McLean v McElhaney*, 289 Mich App 592, 597; 798 NW2d 29 (2010). Whether a claim is barred by governmental immunity is a question of law that we review de novo. *Ray v Swager*, 501 Mich 52, 61; 903 NW2d 366 (2017).

A motion for summary disposition pursuant to MCR 2.116(C)(8) "tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A motion for summary disposition under this section is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery. *Id.*

B. GOVERNMENTAL IMMUNITY

Plaintiff contends that because defendants were grossly negligent in their conduct, they are not shielded by governmental immunity, and that the trial court therefore erred in granting defendants summary disposition. We disagree.

Governmental immunity from tort liability is governed by §7 of the governmental tort liability act (GTLA), MCL 691.1407. Under that section, immunity is broadly granted, and exceptions to that immunity are construed narrowly. *Margaris v Genesee Co*, 324 Mich App 111, 116; 919 NW2d 659 (2018). Under the GTLA, governmental agencies and their employees are immune from tort liability when engaged in the exercise or discharge of a governmental function, MCL 691.1407; *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015), and can be held liable only when the circumstances fall into one of the enumerated statutory exceptions. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 77; 715 NW2d 275 (2006). "The statutory exceptions to the governmental immunity provided to the state and its agencies are the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3)." *Odom v Wayne Co*, 482 Mich 459, 478 n 62; 760 NW2d 217 (2008). To assert a viable claim against a governmental agency, a plaintiff must plead facts that establish the applicability of one of the exceptions to governmental immunity. *Wood v City of Detroit*, 323 Mich App 416, 420; 917 NW2d 709 (2018).

By contrast, when a claim is asserted against an officer or employee of a governmental agency, the burden is on the officer or employee to plead and prove governmental immunity as an affirmative defense. *Odom*, 482 Mich at 479. MCL 691.1407 provides that governmental employees acting within the scope of their authority are entitled to immunity from tort liability unless their conduct constitutes gross negligence that is the proximate cause of the alleged injury or damage. MCL 691.1407(2)(c); *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004). That statutory section provides, in pertinent part:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2).]

Gross negligence is defined by MCL 691.1407(8)(a) as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." By defining the term in this way, the Legislature limited employee liability only to "situations where the contested conduct was substantially more than negligent." *Maiden*, 461 Mich at 122. This Court has stated that gross negligence is "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Tarlea*, 263 Mich App at 90. Whether a government employee's conduct constitutes gross negligence under MCL 691.1407 is generally a question of fact. *Id*. at 88. But if no reasonable person could find that the governmental employee was grossly negligent, then a court may grant summary disposition under MCR 2.116(C)(7). *Id*.

We also note that MCL 691.1407 does not create a cause of action known as "gross negligence," but instead sets forth the extent of governmental immunity. *Cummins v Robinson Twp*, 283 Mich App 677, 692; 770 NW2d 421 (2009). As in any case alleging negligence, a plaintiff alleging gross negligence by a government employee must establish a prima facie case that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff incurred damages, and (4) the damages were proximately caused by the defendant's breach. *Id*. Thus, a plaintiff may only maintain a negligence action if a legal duty existed that required the defendant to conform to a particular standard of conduct to protect others from unreasonable risk of harm. *Riddle v McLouth Steel Products Corp*, 440 Mich App 85, 96; 485 NW2d 676 (1992). A claim alleging gross negligence is properly dismissed under MCR 2.116(C)(8) if the plaintiff failed to establish that the defendant owed the plaintiff a legal duty. *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001). Whether a defendant owed a plaintiff a legal duty is a question of law for the court. *Id*. In addition, the plaintiff must also demonstrate that the employee defendant's conduct was the proximate cause of the plaintiff's injuries. MCL 691.1407(2).

In this case, there are three municipal defendants (City of Detroit, Detroit Police Department, and DWSD), and three defendants who allegedly are employees of the municipal defendants (John Does 1-3). Plaintiff contends that the trial court erred when it determined that her claims were barred by governmental immunity. Plaintiff alleged against the municipal defendants both gross negligence and intentional infliction of emotional distress. With respect to the municipal defendants, however, the gross negligence exception does not apply. *Gracey v Wayne Co Clerk*, 213 Mich App 412, 420; 540 NW2d 710 (1995), overruled in part on other grounds by *American Transmissions, Inc v Attorney General*, 454 Mich 135, 143 (1997). Rather, with regard to the municipal defendants, plaintiff was obligated to plead her claims in avoidance of governmental immunity. *Odom*, 482 Mich at 478-479. Because the municipal defendants do not fall within the category of defendants against whom the gross negligence exception applies, and because plaintiff has not asserted the applicability of any statutory exception to immunity with respect to her claims, the trial court properly granted summary disposition to the municipal defendants under MCR 2.116(C)(7). See *Margaris*, 324 Mich App at 125.

## C. FAILURE TO STATE A CLAIM

With regard to the employee defendants, plaintiff's complaint fails to state a claim. Plaintiff alleges against these defendants both gross negligence and intentional infliction of emotional distress. As noted, gross negligence is not itself a cause of action and instead refers to the level of negligence on the part of a government employee that may subject the employee to tort liability. Although the employee has the burden to assert governmental immunity as an affirmative defense, to successfully allege a claim of negligence the plaintiff is required to demonstrate that the government employee owed a duty to the plaintiff, breached that duty, and that the plaintiff's resulting damages were proximately caused by the employee's breach. See *Maiden*, 461 Mich at 131 (negligence action may be maintained only if a legal duty exists).

In this case, plaintiff's complaint fails to demonstrate these elements. Plaintiff alleges in Count I of her complaint that John Doe 1 is a DWSD employee and that he was grossly negligent when he posted the message on Facebook. Accepting as true that John Doe 1 is an employee of the DWSD, plaintiff nonetheless failed to allege that John Doe 1 owed a duty to plaintiff, breached that duty, and thereby proximately caused her alleged damages. A mere allegation that an actor could have done more, or in this case could have been more cognizant of the feelings of others, is insufficient to establish gross negligence. See *Wood*, 323 Mich App at 424. And although whether a government employee's conduct constituted gross negligence generally is a question of fact for the jury, if reasonable minds could not differ, summary disposition is properly granted. *Id*.

Nor does plaintiff's complaint establish a prima facie case of negligence with regard to Police Officer John Doe 2 and Police Officer John Doe 3. Plaintiff's complaint alleges that the conduct of these officers was reckless in their failure to investigate and locate Lockett's body after the location of the body was posted on Facebook by John Doe 1. Again, plaintiff fails to set forth a prima facie case setting forth facts to demonstrate that the police officers breached a duty and thereby proximately caused plaintiff's alleged damages.

Plaintiff also contends that the trial court erred in granting the employee defendants summary disposition of her claim of intentional infliction of emotional distress. Again, we disagree. To establish a claim of intentional infliction of emotional distress, a plaintiff must demonstrate (1) that the defendant engaged in extreme and outrageous conduct, (2) that the conduct was intentional or reckless, (3) causation, and (4) that plaintiff experienced severe emotional distress. *Hayley v Allstate Ins Co*, 262 Mich App 571, 577; 686 NW2d 273 (2004). To be considered extreme and outrageous, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. The element of intent or recklessness may be established by demonstrating that the defendant specifically intended to cause emotional distress to the plaintiff or that his or her conduct was so reckless that any reasonable person would know that emotional distress would result. *Lewis v LeGrow*, 258 Mich App 175,197; 670 NW2d 675 (2003). It is for the trial court to initially determine whether the defendant's conduct reasonably may be regarded as so extreme and outrageous as to permit recovery. *Hayley*, 262 Mich App at 577.

Here, plaintiff's complaint alleges that the defendant John Doe 1 acted recklessly when he posted the Facebook post before the police had investigated and secured Lockett's body, causing her emotional distress. A review of the limited record suggests that the alleged conduct of John Doe 1, though perhaps thoughtless, was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. Because it was for the trial court to initially determine whether the defendant's conduct could reasonably be regarded as so extreme and outrageous as to permit recovery, *Hayley*, 262 Mich App at 577, and because the trial court's determination is supported by the record, we find no error.

Affirmed.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola