*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF LAVELL LLOYD, BY
BERNADINE LLOYD, PERSONAL
REPRESENTATIVE,

UNPUBLISHED
December 17, 2019

　　　　Plaintiff-Appellee,

v

No. 345314
Wayne Circuit Court
LC No. 18-003486-NO

CITY OF DETROIT,

　　　　Defendant-Appellant.

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order denying its motion for summary disposition based on governmental immunity. We reverse and remand for entry of summary disposition in favor of defendant.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On March 6, 2015, plaintiff's decedent, Lavell Lloyd, telephoned 911 three times. The calls were made within a 15-minute period and each call lasted between one and three minutes. No emergency services were dispatched to Lloyd's home. The next day, Lloyd was found deceased in his home. The cause of death was determined to be cardiac arrhythmia.

Plaintiff filed this action against defendant, alleging that defendant, through its 911 operator staff, was negligent or grossly negligent in failing to adequately respond to Lloyd's 911 calls, that negligence could be inferred from the failure to dispatch emergency aid, and that as the employer of the 911 operator(s) who took the calls, defendant was vicariously liable. Plaintiff also alleged that defendant was itself grossly negligent. Defendant moved for summary disposition under MCR 2.116(C)(7) and (8), arguing that plaintiff's claims were barred by governmental immunity and that plaintiff had failed to state a claim on which relief could be granted.

-1-

At a May 30, 2018 hearing on defendant's motion, the trial court and counsel addressed the fact that the recordings of the 911 calls no longer existed,[1] and that the content of the calls was therefore unknown. The trial court speculated that Lloyd may have "butt called," or that "maybe [Lloyd] call[ed] and said I don't feel good and [then] call[ed] back and said, I'm fine, it went away." The trial court adjourned the hearing to afford plaintiff time to conduct discovery and to attempt to determine the identity of the 911 operator(s); it does not appear, however, that plaintiff ever identified the 911 operator(s) in question. On August 15, 2018, the court entered a written order denying defendant's motion for summary disposition, stating that "[u]pon consideration of the moving papers, oral argument, and the applicable law, the Court finds there are genuine issues of material fact and hereby denies Defendant's Motion in its entirety."

This appeal followed.

## II. STANDARD OF REVIEW

Defendant moved for summary disposition under both MCR 2.116(C)(7) and (8). The trial court did not specify the subsection on which it relied in denying defendant's motion. It appears the trial court relied on (C)(7) because its finding of genuine issues of material fact was based on its "consideration of the moving papers, oral argument, and the applicable law," rather than merely on a review of the pleadings to test the legal sufficiency of plaintiff's complaint. See *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999); MCR 2.116(G)(5).

This Court reviews de novo questions of statutory interpretation involving the application of governmental immunity. *Jones v Bitner*, 300 Mich App 65, 72; 832 NW2d 426 (2013); *Co Rd Ass'n of Mich v Governor*, 287 Mich App 95, 117-118; 782 NW2d 784 (2010). We also review de novo a trial court's decision to grant or deny summary disposition. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). "Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred by immunity granted by law." *Seldon v Suburban Mobility Auth for Regional Trans*, 297 Mich App 427, 432; 824 NW2d 318 (2012). In reviewing a ruling under subrule (C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Seldon*, 297 Mich App at 432-433 (citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred by denying its motion for summary disposition, because defendant is immune from tort liability and plaintiff failed to plead in avoidance of governmental immunity, and because defendant cannot be held vicariously liable for the actions of employees engaged in a governmental function. We agree.[2]

---

[1] According to plaintiff's counsel, the recordings of the 911 calls were destroyed after a couple of months and therefore were no longer available.

[2] Plaintiff raises a jurisdictional challenge to defendant's appeal, arguing that because the trial court stated at the May 30, 2018 hearing that it was not ruling on defendant's motion at that time, its subsequent order was not a "final order" under MCR 7.202(6)(a)(v) (defining a "final order" as including "an order denying governmental immunity to a governmental party . . . .") That

"The governmental tort liability act [GTLA], MCL 691.1401 *et seq.*, provides immunity from tort claims to governmental agencies engaged in a governmental function, as well as governmental officers, agents or employees." *McLean v Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013). "A government function is 'an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law.' " *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 613-614; 664 NW2d 165 (2003) quoting MCL 691.1401(f). This definition is to be broadly applied. *Id.* " 'Tort liability' " refers to "all legal responsibility arising from a noncontractual civil wrong for which a remedy may be obtained in the form of compensatory damages." *In re Bradley Estate*, 494 Mich 367, 385; 835 NW2d 545 (2013). The GTLA sets forth six exceptions to governmental immunity for governmental agencies. *McLean*, 302 Mich App at 73. "The six statutory exceptions are: the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3)." *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 84 n 10; 746 NW2d 847 (2008). These exceptions are to be narrowly construed. *Maskery*, 468 Mich at 614. A plaintiff suing a governmental agency is required to plead and prove facts in avoidance of governmental immunity in order to survive governmental immunity. *Mack v Detroit*, 467 Mich 186, 200; 649 NW2d 47 (2002). A plaintiff may accomplish this by "stating a claim which fits within one of the statutory exceptions or pleading facts which demonstrate that the tort occurred during the exercise or discharge of a non-governmental or proprietary function." *Id.* (citation omitted).

Plaintiff's complaint did not plead facts that demonstrated that defendant was engaged in the exercise of a non-governmental or proprietary function. Indeed, the operation of the 911 emergency dispatch system *is* a governmental function because it is "an indispensable part of the operation of a police department . . . ." *Ross v Consumers Power Co*, (on rehearing), 420 Mich 567, 652; 363 NW2d 641 (1984), superseded by statute on other grounds as stated in *In re Bradley Estate*, 494 Mich at 386-388. Therefore, plaintiff's claims against defendant could only survive summary disposition if defendant's conduct fell within one of the six statutory exceptions to governmental immunity.

However, plaintiff also did not plead that defendant's conduct fell within any of the six statutory exceptions to governmental immunity. Plaintiff's complaint merely alleged negligence or gross negligence. But the Legislature's grant of immunity to a governmental agency extends even to negligence, including gross negligence. MCL 691.1401. That is, while a gross

---

argument is without merit. Although the trial court stated at the motion hearing that it was adjourning the hearing in order to permit plaintiff to conduct discovery into the identity of the 911 operator(s) who had received Lloyd's calls, the order that the trial court entered two and a half months later (after affording defendant the opportunity for such discovery) denied defendant's motion "in its entirety." A trial court speaks through its written orders, not its oral pronouncements. *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Defendant's appeal is properly before this Court. MCR 7.203(A)(1).

negligence exception to governmental immunity exists for "officers, employees, members, or volunteers of governmental agencies," that exception does not apply to governmental *agencies* themselves. MCL 691.1407(2); *Gracey v Wayne Co Clerk*, 213 Mich App 412, 420; 540 NW2d 710 (1995), abrogated on other grounds by *American Transmission, Inc v Attorney General*, 454 Mich 135, 560 NW2d 50 (1997). Therefore, defendant was entitled to summary disposition on plaintiff's claims that defendant was itself negligent or grossly negligent.

Moreover, even assuming that one or more 911 operators were negligent or grossly negligent (and regardless of whether, under the gross negligence exception applicable to employees, a claim might properly be made against a 911 operator individually), defendant cannot be held vicariously liable for the conduct of its employees. "A governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception." *Ross*, 420 Mich at 625. As earlier noted, plaintiff's claims against defendant meet neither of those tests.

Consequently, taking all of plaintiff's well-pleaded allegations as true, plaintiff's claims against defendant remain subject to governmental immunity. Accordingly, the trial court erred when it denied defendant's motion for summary disposition.

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra